# Commonwealth v. Kline

C.P. of Lawrence County, no. 328 of 2010 CR.

*Luanne Parkonen, assistant district attorney,* for Commonwealth.

*Larry J. Keith, assistant public defender,* for defendant.

MOTTO, *P.J.,* June 15, 2010—Before the court for disposition is the Commonwealth's motion to revoke defendant's bond. Defendant posted a $100,000 bond, a condition of which was that he refrain from committing any further criminal conduct. The Commonwealth contends that defendant violated such condition, as, on March 17, 2010, while at liberty on such bond, defendant was arrested and charged with firearms not to be carried without a license (18 Pa.C.S. §6106(a)(1)); receiving stolen property (18 Pa.C.S. §3925(a)); possession of a small amount of marijuana (35 Pa.C.S. §780-113A31)), and, following a preliminary hearing before a district court judge, was held for court on such charges. At the bond revocation hearing, the Commonwealth presented no independent evidence of the defendant's commission of such crimes, which are docketed at case no. 452 of 2010, CR., the record of that case showing the filing of the aforesaid charges and the holding of such charges for court following a preliminary hearing held by the district court judge. The issue is whether a finding that defendant violated the bond condition that he refrain from committing any further criminal act can be based upon the filing of charges and the determination of the district court

judge, following a preliminary hearing, that a prima facie case was established and that the charges must be held for court.

In researching this issue the court has found only one case in this Commonwealth that has squarely addressed this issue, *Commonwealth v. Ramsey,* 19 D.&C.3d 156 (1981), where the Court of Common Pleas of Blair County held that defendant's bail, conditioned on his good behavior, could not be revoked because he was bound over for trial after a magisterial hearing on subsequent criminal charges. This court recognizes that the Blair County decision operates as persuasive authority only, and it is not binding upon this court; however, the court having reviewed the case finds that it is based upon sound reasoning which will be followed by this court.

In *Ramsey,* the Commonwealth sought revocation of the bail posted by the defendant in three criminal actions pending against him. The basis for revocation was that while out on bond, defendant was arrested and charged with the commission of two additional crimes. The Commonwealth argued that the subsequent charges violated conditions of his bail, specifically citing the bond condition that "defendant will conduct himself . . . as a peaceable and law-abiding citizen during the effective period of the bond." *Commonwealth v. Ramsey,* 19 D.&C. 3rd 157 (1981). At the revocation hearing, the Commonwealth presented no evidence of defendant's commission of the subsequent offenses charged. The Commonwealth and defendant stipulated to the record of the subsequent charges, which showed defendant had pled not guilty, and that defendant was bound over for trial after a preliminary hearing before a magistrate.

The *Ramsey* court held that the mere fact that a defendant is bound over for trial on subsequent charges alleged to have been committed while at liberty on bail is insufficient proof of his noncompliance with a "good behavior" condition of bail. The facts in the case sub judice are strikingly similar to those in *Ramsey* where the court held the mere fact a defendant is bound over for trial on subsequent charges alleged to have been committed while at liberty on bail is insufficient proof of his noncompliance with a "good behavior" condition of bail. Here, as in *Ramsey,* the Commonwealth has failed to provide any evidence of defendant's newly charged crimes at the revocation hearing, relying on the fact that the charges were held over by the magisterial district court judge for trial.

Although defendant's bail bond condition was reasoned to be just and valid in *Ramsey,* the *Ramsey* court specified that the prosecution must show evidence of the alleged violation(s) with some reasonable specificity at the revocation hearing itself, reasoning that the "mere fact that one is accused of a crime is absolutely no evidence whatsoever." *Id. Ramsey* analogized a bail revocation proceeding to a proceeding to revoke parole where the revocation is based upon new charges. The court stated that, because the burden of proof at parole revocation hearings is the presentation of "probative and reliable" evidence that demonstrates a satisfaction of the preponderance standard, no lesser standard should be used at a bail revocation hearing. *Id.* The court reasoned that since "anticipated criminal activity alone cannot stand as a grounds for the denial of bail" neither is it alone sufficient as a ground for revoking bail, citing

*Commonwealth v. Truesdale,* 449 Pa. 325, 339, 296 A.2d 829, 836 (1972); *Ramsey* at 158.

*Ramsey* specifically found that the court's determination at bail revocation matters must be grounded upon evidence other than the finding of the district court judge who conducted the preliminary hearing, as the court determining revocation must make its own independent evidentiary assessment and evaluation.

Finally, the *Ramsey* court specifically held that:

"in order to obtain a decree of declaration of bail revocation for [a] violation of a 'good behavior' condition based upon subsequent criminal conduct, the Commonwealth must produce at the show cause hearing either (a) proof that the defendant has been convicted thereof after trial, (b) proof that the defendant has entered a plea of guilty thereto, or (c) proof by a preponderance of the evidence that [the] defendant committed the alleged criminal offense." *Ramsey* at 161.

This court must be permitted to make its own evidentiary evaluations and assessments to determine if the previously mentioned preponderance of the evidence standard is met. Because the Commonwealth has failed to provide this court with any evidence of defendant's newly alleged charged crimes relying upon the decision of the magisterial district court judge to hold over the charges for trial, this court finds that it is appropriate to follow the rationale contained in the *Ramsey* decision in denying the Commonwealth's petition to revoke defendant's bond. However, the denial of the Commonwealth's petition shall be without prejudice to the right of the Commonwealth to re-file the petition to revoke bond and proceed in accordance with this opinion.

## ORDER

And now, June 15, 2010, in accordance with the accompanying opinion of even date herewith, it is ordered and decreed that the Commonwealth's petition to revoke bond is denied, without prejudice to the right of the Commonwealth to re-file the petition and to proceed in accordance with the directives of this accompanying opinion.